IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

      Plaintiff,                    No. CIV S-11-1468 EFB P

      vs.

WONG, et al.,

      Defendants.            <u>ORDER</u>

                            /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Plaintiff requests leave to proceed *in forma pauperis*. The request must be denied because has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It appears that on at least three prior occasions, plaintiff brought actions

while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] *See Dean v. Sullivan*, No. CIV 2:98-0717-LKK-DAD (E.D. Cal.) (March 22, 1999 Order dismissing action for failure to state a cognizable claim); *Dean v. Blanas*, No. CIV 2:02-1122-LKK-GGH (E.D. Cal) (March 6, 2003 Order adopting February 11, 2003 Findings and Recommendations to dismiss action for failure to state a claim); and *Dean v. Andreasen*, No. CIV 2:02-0881-DFL-GGH (E.D. Cal.) (January 8, 2004 Order dismissing action for failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Rather, plaintiff claimed that defendant Carey was interfering with plaintiff's "wheelchair pushers" by repeatedly inspecting plaintiff's wheelchair cushion, and that the Aspirin or Tylenol with codeine that plaintiff was receiving twice a day, was not adequately relieving his pain. *See* Dckt. Nos. 1 (pages 1, 9, 14), 4 (§ IV), 7 (pages 1-2, 6-7).[2] Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's June 23, 2011 application to proceed *in forma pauperis* is denied;

2. Plaintiff shall pay the $350 filing fee within 30 days; and

3. Plaintiff's failure to comply with this order will result in dismissal of this action. *See* 28 U.S.C. § 1914(a).

Dated: November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] For ease of reference, all references to page numbers in plaintiff's filings are to those assigned via the court's electronic filing system.